UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| RONNIE L. DAVENPORT, | ) | |
| Plaintiff | ) ) ) | |
| vs. | ) ) | CAUSE NO. 3:06-CV-134 RM |
| JOHN R. VanNATTA, *et al.*, | ) ) ) | |
| Defendants | ) | |

OPINION AND ORDER

Ronnie L. Davenport, a *pro se* prisoner, submitted a complaint under 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. FED. R. CIV. PRO. 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. Courts apply the same standard under § 1915A as when addressing a motion under Rule 12(b)(6). Weiss v. Colley, 230 F.3d 1027 (7th Cir. 2000).

> A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. Accordingly, pro se complaints are liberally construed.
> In order to state a cause of action under 42 U.S.C. § 1983, the Supreme Court requires only two elements: First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in

> a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

Alvarado v. Litscher, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

Mr. Davenport seeks monetary damages for the time he has spent in prison on an allegedly illegal sentence that resulted from a prior incorrect parole date. He alleges that had his parole date been correct, he would not have been subjected to the illegal sentence and he would not have spent years in prison. He alleges that his parole date was incorrect because he wasn't given enough good time credit for the G.E.D. he had earned. He alleges that he has recently obtained the additional credit time that he was due. As a result, he asserts that he may now bring this suit.

Though Mr. Davenport alleges that he has received the G.E.D. good time credit that he sought, the complaint makes clear that his illegal sentence hasn't been overturned or set aside. While he may believe that the G.E.D. good time credit necessitates the reversal of the allegedly illegal sentence, that sentence has not yet been reversed.

Heck v. Humphrey, 512 U.S. 477 (1994), provides that where the successful prosecution of a civil rights case would undermine or imply the invalidity of a criminal prosecution, the civil rights case cannot proceed without proof "that the

conviction was reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Heck v. Humphrey, 512 at 486-487. A monetary award based on Mr. davenport having been wrongly imprisoned would undermine and imply the invalidity of his conviction. That is why Mr. Davenport refers to it as an illegal sentence. Nevertheless, his sentence has never been determined to be illegal and no such finding can be made in a civil rights case such as this one. The allegedly illegal sentence remains in force. To the extent that the additional G.E.D. good time credits can alter that sentence, a federal court could only make such a determination in a habeas corpus proceeding. See Heck v. Humphrey, 512 U.S. 477.

For the forgoing reasons, this case is dismissed pursuant to 28 U.S.C. § 1915A.

SO ORDERED.

ENTERED: February 23 , 2006

　　　　　　　　　　　　　　　　　　　　　　／s/ Robert L. Miller, Jr.　
　　　　　　　　　　　　　　　　　　　　　Chief Judge
　　　　　　　　　　　　　　　　　　　　　United States District Court