UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| RONNIE L. DAVENPORT, ) | |
| ) | |
| Plaintiff ) | |
| ) | CAUSE NO. 3:06-CV-134 RM |
| vs. ) | |
| ) | |
| JOHN R. VanNATTA, *et al.*, ) | |
| ) | |
| Defendants ) | |

OPINION AND ORDER

Ronnie L. Davenport, a *pro se* prisoner, submitted a motion for panel rehearing pursuant to Rule 40. That rule is a part of the Federal Rules of Appellate Procedure. This is a district court, not the court of appeals, so that rule is inapplicable here. Nevertheless, the court construes the filing as a motion for reconsideration pursuant to Federal Rules of Civil Procedure 59.

Mr. Davenport raises three questions in his motion. First he asks whether Heck v. Humphrey, 512 U.S. 477 (1994), is contrary to McDonnell v. Wolff, 342 F. Supp. 616 (D. Neb. 1972) or McDonnell v. Wolff, 483 F.2d 1059 (8th Cir. 1973). Heck is a United States Supreme court case issued in 1994, it is irrelevant whether it is contrary to McDonnell either as a District Court or Court of Appeals case issued eleven or twelve years earlier. Recent Supreme Court cases take precedence over older, lower court opinions.

Second, Mr. Davenport asks whether the state trial court and the Indiana Department of Correction, who reversed the denial of his credit time, qualify under Heck as a tribunal authorized to make such a determination. They do, but they

did not overturn his sentence. They only granted him educational credit. As he notes in his motion, "Davenport's illegal sentence is still in place." Motion at 2, docket # 6. Because it is, <u>Heck</u> prevents this court from proceeding with a civil rights case which would undermine or imply the invalidity of his sentence.

Third, Mr. Davenport asks whether this court has authority over habeas corpus cases. It does, but this case is a civil rights case, not a habeas corpus case.

> [A] prisoner who seeks damages should not have the papers treated as a request for collateral review, and . . . a prisoner who wants to shorten his time in custody should not have the papers converted into a civil suit . . ..

<u>Melton v. United States</u>, 359 F.3d 855, 858 (7th Cir. 2004).

Mr. Davenport appears to understand the process of seeking habeas corpus relief in federal court. Indeed, he states that, "permission to file another habeas showing true merits of this case has been denied, even though a habeas corpus would be the proper procedure." Motion at 2, docket # 6. Based on that statement, it appears that the Seventh Circuit has denied Mr. Davenport leave to file a second or successive habeas corpus petition pursuant to 28 U.S.C. § 2254(b)(3). This court cannot grant him leave to file a second or successive habeas corpus petition. Even if habeas relief is unavailable to him, he may not proceed with a civil rights case for monetary damages until he succeeds in having his conviction overturned.

For the forgoing reasons, the motion (docket # 6) is **DENIED**.

SO ORDERED.

ENTERED: March 10 , 2006

/s/ Robert L. Miller, Jr.

                                        Chief Judge  
                                        United States District Court